NEW JERSEY DEPARTMENT OF LABOR.
WORKMEN'S COMPENSATION BUREAU.

WILLIAM R. REAVELL, petitioner,

*v.*

WARNER SUGAR REFINING COMPANY, a corporation,
respondent.

**Truck Running Into Employe—Injury to Groin—Injury to Spinal Column—Employe had Mild Form of Arterio-sclerosis and Mild Urinary Disorder—Compensation Fixed.**

On findings of fact and rule for judgment.

*Messrs. Kent & Kent,* for the petitioner.

*Mr. Richard W. Baker,* for the respondent.

\* \* \* 4. The petitioner's wages at the time of the accident averaged $35 per week.

\* \* \* . 6. The facts of the accident were as follows: Petitioner was employed as a checker in the plant of the respondent at Edgewater. About seven-twenty A. M. of that day he was at work, when he was run into and struck down by a hand-truck in front of him, which hit the front part of his body in the region of the right groin, throwing him back a distance of approximately ten feet with great force, so that he fell flat on his back within the sides of another hand-truck laying on the floor behind him, his spinal column in the region of the lower part of his back striking the sharp edge of an iron plate affixed to the bottom of the hand-truck. The truck which ran into him from the front was being pushed up an incline in his direction This truck was loaded with sugar and weighed about one thousand five hundred pounds. It was being pushed by two

men in the rear and pulled by one man in front, who was stationed within two iron shafts which projected about two feet from the front of the truck in the direction of the petitioner. One of these iron shafts struck the petitioner in the groin, knocking him down as aforesaid. Petitioner was thrown back with such force that his body was wedged between the handles of the truck, and it was necessary for several persons to extricate him. He immediately experienced excruciating pain in the region of the groin and throughout his back. He received medical treatment immediately and continued to receive treatment for months after the accident, during all of which time he felt, and still feels, terrific pain throughout his back and body and inability to flex his body.

7. As a result of the accident, petitioner was temporarily disabled from January 5th, 1924, being the date of the accident, to April 7th, 1924.

8. I find that petitioner at the time of the accident herein was an ordinarily healthy and able-bodied person, enjoying good health and able to attend to his duties without any pain or suffering.

9. I find that at the time of the accident petitioner had a mild condition of arterio-sclerosis and a mild form of urinary disorder, quite common in a man of his age, which did not in any way, however, interfere with his ability to attend to his work, nor cause him any pain or suffering. The traumatism received in the accident caused such a condition of shock to petitioner's body that it predisposed him to the ravages of the conditions of arterio-sclerosis and urinary disorder, with the result that the aforesaid conditions have been greatly aggravated and exacerbated, so that a condition of physical disability has developed and now exists which would not have resulted except for the accident. In addition, he has pain in the region of the groin and terrific pain throughout his back, which has caused petitioner a marked limitation of motion and loss of function of his whole body. He has lost considerable weight since the accident, and has

1074 NEW JERSEY MISCELLANEOUS REPORTS.

N. J. Dept. Labor—Reavell v. Warner Sugar Refining Co.

prematurely aged at least ten years on account of his injuries and pain and suffering.

10. The said injuries and loss of function are permanent and progressive.

11. I find that as the result of the accident he has suffered physical injuries and loss of function of the whole body, which at this time constitutes twenty per cent. (20%) of total and permanent disability within the purview of the Workmen's Compensation act.

12. Petitioner has received no compensation either for temporary or permanent disability.

It is therefore on this 9th day of October, 1924, on motion of Kent & Kent, attorneys for the petitioner, ordered—

1. That the respondent pay, or cause to be paid, to petition, the sum of $17 per week for the period commencing January 5th, 1924, to April 7th, 1924, being thirteen weeks, making a total of $221, which sum represents compensation as and for temporary disability, and, since the full amount thereof is past due, that the same be paid in a lump sum immediately.

2. That the respondent pay, or cause to be paid to petitioner, the sum of $17 per week, for a period of one hundred weeks, commencing April 7th, 1924, making a total of $1,700, which sum represents compensation for permanent disability, being twenty per cent. (20%) of total permanent disability within the purview of the Workmen's Compensation act, and that the sums due to date be paid in a lump sum immediately, and the balance thereof at the rate of $17 per week, until the full amount is paid.

3. That the respondent pay, or cause to be paid to petitioner, the sum of $23, being legal disbursements incurred for medical treatment, as follows: Dr. Holden, $15; Dr. Wyckoff, $8.

4. That counsel fee of $200 be and the same is hereby allowed to Kent & Kent, attorneys for the petitioner, as and for the reasonable value of their services herein, for the reason that, in my judgment, the services of the attorneys were and became absolutely necessary for the proper presen-

tation of the claim of the petitioner herein. The case required extensive examination, preparation and proof as to medical questions presented, and required the taking of testimony on two separate hearings. The said sum is assessed against the respondent, in addition to the award herein, and shall be paid to Kent & Kent in a lump sum immediately.

5. That the respondent pay, or cause to be paid to Kent & Kent, attorneys, the sum of $10, being legal disbursements incurred for stenographic services herein.

6. This rule for judgment shall be filed, entered and docketed as and for a judgment of the Hudson county court of common pleas.

JOHN J. STAHL.
*Referee, Workmen's Compensation Bureau.*